**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

IN RE: SEMGROUP ENERGY PARTNERS, ) Case No. 08-CV-425-GKF-PJC
L.P., SECURITIES LITIGATION, )

## OPINION AND ORDER

On the 10th day of October, 2008, the United States Judicial Panel on Multidistrict Litigation assigned the action pending in the United States District Court for the Southern District of New York and styled *Charles D. Maurer SIMP Profit Sharing Plan, etc. v. SemGroup Energy Partners, L.P., et al.*, Case No. 1:08-6598 to this court for coordinated or consolidated pretrial proceedings with the action pending in this court styled as *Craig Carson v. SemGroup Energy Partners, L.P., et al.*, Case No. 4:08-cv-425. The Court finds that consolidation, at least for pretrial procedings, will serve to promote an orderly progression of this litigation, especially since discovery necessarily involves overlapping defendants and a common core of facts and legal issues that all relate to a purported scheme and course of conduct of deception. As set forth in the minute order of the hearing held October 17, 2008, the Motion to Consolidate [Document No. 80] is granted for pretrial proceedings.

This matter comes before the court on the Motion of Harvest Fund Advisors LLC ("Harvest Fund") to be Appointed Lead Plaintiff and for Approval of Lead Plaintiff's Selection of Lead Counsel and Liason Counsel [Document Nos. 24 & 25], the Motion of the Aziz Group to be Appointed Lead Plaintiff and to Approve Proposed Lead Plaintiff's Choice of Counsel [Document Nos. 34 & 80], and the Motion of Woerner Securities, Ltd. and Woerner Holdings, Inc. ("Woerner") for Appointment of Lead Plaintiff, Approval of Lead Plaintiff's Selection of Lead and Liason Counsel [Document No. 37]. The Court held a hearing on the motions on October 17, 2008.

Upon review of the submissions of the competing movants, the court has identified Harvest

as the movant with "the largest financial interest in the relief sought by the class." Harvest's alleged loss is $7,346,553.00, Woerner's alleged loss is $372,494.00, and the Aziz Group's alleged loss is $211,137.00. Harvest has also made a prima facie showing of typicality and adequacy, and is therefore the presumptively most adequate plaintiff. *In re Cendant Corporation Litigation*, 264 F.3d 201, 262-263 (3rd Cir. 2001).

Once a presumptive lead plaintiff is determined, the presumption "may be rebutted only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff–(aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintif incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Woerner and the Aziz Group have challenged appointment of Harvest as lead plaintiff.

Woerner argues that Harvest will not fairly and adequately protect the interest of the class because, as a hedge fund that invests exclusively in Master Limited Partnerships, it is heavily dependent on a handful of investment banks, including Lehman, Citigroup and UBS, to underwrite and bring Master Limited Partnership ("MLP") deals to the market. Woerner contends that Harvest's ability to be an active participant in the MLP market requires it to maintain friendly relations with these investment banks. This, Woerner argues, will compromise Harvest's willingness to pursue underwriter defendants in the consolidated litigation. Woerner also points to a September 19, 2008, e-mail from Harvest's Chief Administrative Officer, Anthony Merhige, to Neuberger Berman LLC, a former affiliate of Lehman, in which Merhrige stated that, if Harvest was appointed lead plaintiff, "we look forward to the opportunity to coordinate with you and your firms in prosecuting the litigation." Woerner claims this is evidence of a conspiracy between Harvest and

2

underwriters to avoid pursuit, or zealous pursuit, of the underwriters in the class action.

The Aziz Group contends that a relationship Harvest's founder and managing partner, David J. Martinelli, had with SGLP's former sister company, Buckeye GP Holdings, L.P., creates a conflict of interest and subjects Harvest to the possibility that defendants will raise unique defenses against it. Additionally, the Aziz Group argues that Harvest has a sizeable equity interest in Eagle Rock Energy Partners, L.P., which is a preferred creditor of SGLP's parent in the bankruptcy. Since Eagle Rock will compete with SGLP for the assets of SGLP's parent, the Aziz Group contends this will pose another conflict of interest for Harvest.

Harvest has submitted the declaration of its Chief Administrative Officer, Anthony J. Merhige [Document No. 66-2] concerning these issues. Merhige also testified at the hearing before the court on October 17, 2009. Merhige stated that Harvest is fully aware of its fiduciary duties to the putative class of investors and, if appointed lead plaintiff, will oversee the activities of counsel to secure the best possible recovery for the class. (*Id.,* ¶4). He said that Harvest has no explicit or tacit agreement with any third party, including underwriters, to breach its fiduciary duties to the class for the benefit of any third party. (*Id.* ¶5). Harvest has suffered more than $7 million in losses from its investments in SGLP and is committed to pursuing claims against all parties legally responsible for causing its loss and the losses suffered by the class of investors. (*Id.* ¶21). Merhige has stated that his September 19, 2008, e-mail was sent as a professional courtesy as a follow up to investors he had initially contacted on August 4 and 6, 2008, and was not intended to be part of any "conspiracy." (*Id.* ¶18).

Merhige also addressed the relationship of Harvest to Buckeye and Eagle Rock. Martinelli sat on the board of directors of Buckeye from 2000 to 2004 with two directors of SGLP, who

themselves resigned from Buckeye's board in September 2007. (*Id.* ¶27). Martinelli relinquished his position on that board in May 2004 when Buckeye's general partner was sold and has not been involved in managing or overseeing Buckeye's operations since that time.  (*Id. ¶28).* Harvest denies that Martinelli received any inside information about SGLP, including from any ties it or Martinelli had to Buckeye or any persons serving on Buckeye's board. (*Id.* ¶28)

Merhige stated that Harvest divested approximately 90% of its July 2007 private investment in Eagle Rock beginning in February 2008 and continuing through April 2008. (*Id.* ¶26).  The market value of Harvest's total current investment in Eagle Rock is $800,000, or 11% of its $7.3 million loss from its SGLP investment. (*Id.*)  Harvest contends it obtained no inside information concerning SGLP as a result of its Eagle Rock investment. (*Id.*)

The burden of proof of inadequacy of the presumptive lead plaintiff rests with parties contesting its appointment. *Vladimir v. Bioenvision, Inc.,* 2007 WL 4526532 at *10 (S.D.N.Y. Dec. 21, 2007). Challengers must provide a concrete showing of a conflict of interest to rebut the presumption of adequacy. *Fishbury, Ltd. V. Connetics Corp.,* 2006 WL 3711566 at *4 (S.D.N.Y. Dec. 14, 2006).  Moreover, speculative assertions are insufficient to rebut the lead plaintiff presumption. *Montoya v. Herley Industries, Inc.,* 2006 WL 3337485 at *2 (E.D.Pa. Nov. 14, 2006). Mere innuendo and inferences will not suffice to support allegations of atypicality, conflict of interest or unique defenses. *Ferrari v. Impath, Inc.,* 2004 WL 1637053 at*6 (S.D.N.Y. July 20, 2004).

Having examined the statements of competing movants and applicable law, the court concludes that Woerner and the Aziz Group have failed to rebut the presumption that Harvest, as the investor with the biggest losses, should be designated as lead plaintiff. A plaintiff's substantial

stock ownership in a defendant does not automatically disqualify the plaintiff form serving as lead plaintiff under the PSLRA.  *See In re Cendant Corporation Litigation,* 182 F.R.D. 144, 148 (D.N.J. 1998); *In re Cendant Corporation Litigation,* 264 F.3d 201, 243-44 (3rd Cir. 2001); *In re: Williams Securities Litigation,* No. 02-CV-72-H(M), slip. Op. At 3 (N.D.Okla. Dec. 30, 2004); *In re Vesta Insurance Group, Inc.,* 1999 US Dist Lexis 22233 at *28-32 (N.D. Ala. Oct. 25, 1999); *Perelli Armstrong Tire Corporation v. Labranche & Co., Inc.,* 229 F.R.D. 395, 414 (S.D.N.Y. 2004).  As the district court in *Cendant* commented:

> The Reform Act demands only that the interests of the class members be *adequately* represented by the lead plaintiff.  15 U.S. C. §77z-1(a)(3)(B)(I). Thus, notwithstanding every plaintiff's undeniable interest in an outcome most favorable to his or her position, every warrior in this battle cannot be a general.

*In re Cendant Corporation Litigation,* 182 F.R.D. at 148.  Harvest has pledged to pursue all legally responsible parties, including underwriters, and the court is satisfied its sizeable financial stake in the litigation will encourage it to do so.

Similarly, the court believes challengers have failed to carry their burden of establishing that either the managing partner's former position on the Buckeye board of directors or Harvest's ownership interest in Eagle Rock will create a conflict of interest or subject Harvest to unique defenses so as to render it inadequate as lead counsel.  The Aziz Group's assertion that Harvest was privy, as a result of these relationships, to insider information, is simply speculation.

**WHEREFORE**, the Motion to Consolidate [Document No. 80] is granted for pretrial proceedings; the Motion of Harvest Fund Advisors LLC ("Harvest Fund") to be Appointed Lead Plaintiff and for Approval of Lead Plaintiff's Selection of Lead Counsel and Liaison Counsel [Document Nos. 24 & 25] is granted, the Motion of the Aziz Group to be Appointed Lead

Plaintiff and to Approve Proposed Lead Plaintiff's Choice of Counsel [Document Nos. 34 & 80] is denied, and the Motion of Woerner Securities, Ltd. and Woerner Holdings, Inc. ("Woerner") for Appointment of Lead Plaintiff, Approval of Lead Plaintiff's Selection of Lead and Liaison Counsel [Document No. 37] is also denied.

**IT IS SO ORDERED** this 27th day of October 2008.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma